UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ROXANNE PURCELL,
for the Estate of Garland Tyree, Jr.,

                              Plaintiff,

                              v.

BUREAU OF ALCOHOL, TOBACCO, &
FIREARMS, New York Field Division; COLLEEN
KAVANAGH; 120th PRECINCT (NYPD); and
1-800-CRIMESTOPPERS,

                              Defendants.
------------------------------------------------------------X

**NOT FOR PUBLICATION**

**MEMORANDUM & ORDER**

17-CV-2742 (PKC)(RLM)

PAMELA K. CHEN, United States District Judge:

*Pro* se Plaintiff Roxanne Purcell filed the present action on May 4, 2017, ostensibly on behalf of the estate of her son, Garland Tyree, Jr. The Court grants Plaintiff's request to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915 for the limited purpose of this Order. For the reasons discussed below, the Complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

**I.    Background**

The Complaint consists of handwritten answers on a form Civil Rights Complaint pursuant to 42 U.S.C. § 1983. (Complaint ("Compl."), Dkt. No. 1.) In the section provided to assert a basis for this Court's jurisdiction, Plaintiff asserts diversity jurisdiction and alleges that she is a resident of Delaware, while Defendants are all located in New York State. (*Id.* at ECF[1] 2–4.) She does

---

[1] Citations to "ECF" refer to the pagination generated by the Court's electronic docketing system and not the document's internal pagination.

not identify any cause of action under federal or New York State law nor does she assert a specific amount in controversy. (*Id.* at ECF 4–5.)

Plaintiff alleges that her son Garland Tyree was falsely arrested on June 27, 2002, after she "made an anonymous call to 1800Crimestoppers informing them that Garland['s] friends [have] weapons in my house." (Compl., Dkt. No. 1 at ECF 5.) Plaintiff asserts that the case against her son was dismissed on September 29, 2002, but that "A.T.F. and A.U.S.A. Colleen Kavanagh re-arrested Garland Tyree" on October 3, 2002, falsely imprisoned her son for the same reasons as his June 27, 2002 arrest that was dismissed. (*Id.*)

In a separate unsigned complaint submitted with the signed complaint and naming the same Defendants, Plaintiff asserts that the incidents occurred on June 27, 2002, at the 120th Precinct at 693 Henderson Avenue on Staten Island and at the United States District Court at 225 Cadman Plaza East in Brooklyn on October 3, 2002. (Compl., Dkt. No. 1-3 at ECF 3, 7. ) Plaintiff alleges that her son was sentenced on October 1, 2004. (*Id.* at 7.) Plaintiff asserts that her injuries are ongoing depression and "loss of vision due to stress," (*id.*) and she seeks the following relief: "having name cleared . . . [,] record expunge from court records, documents and any other arresting agencies" [*sic*]. (*Id.* at 8.) She also requests unspecified monetary damages "for loss and suffering as my son was my source of income." (*Id.*)

## II. Discussion

### a. Standing

It is unclear whether Plaintiff intends to assert claims on her own behalf or on behalf of the estate of her son. "In every federal case, the party bringing the suit must establish standing to prosecute the action." *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 11 (2004) *abrogated on other grounds by Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377, 1382

(2014). "'The irreducible constitutional minimum of standing' derives from Article III, Section 2 of the U.S. Constitution, which limits federal judicial power to 'cases' and 'controversies.'" *Natural Res. Def. Council, Inc. v. U.S. Food and Drug Admin.*, 710 F.3d 71, 79 (2d Cir. 2013) (quoting U.S. Const. art. III, § 2 and *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992)). "To establish that a case or controversy exists so as to confer standing under Article III, a plaintiff must satisfy three elements: (a) the plaintiff must suffer an 'injury in fact,' (b) that injury must be 'fairly traceable' to the challenged action, and (c) the injury must be likely to be 'redressed by a favorable decision' of the federal court." *Id.* (citations omitted).

Plaintiff has not sufficiently alleged that she herself suffered an injury as a result of Defendants' actions. She has not alleged that her own constitutional rights were violated. Parents "do not have standing to assert claims on their own behalf for a violation of their child's rights." *See Oliveras v. Saranac Lake Cent. Sch. Dist.,* No. 11-cv-1110 (MAD/CFH), 2014 WL 1311811, at *24 (N.D.N.Y. Mar. 31, 2014) (collecting cases). Although Plaintiff claims that she suffers medical problems as a result of "stress" and "loss and suffering," she has not asserted any theory of recovery for these alleged harms to herself under federal or state law.

Plaintiff alleges that her son was falsely arrested and imprisoned, which may be a violation of her son's Fourth Amendment rights, cognizable under 42 U.S.C. § 1983 ("§ 1983"). However, Plaintiff has not asserted her entitlement to bring claims on behalf of his estate. It is well-settled that *pro se* litigants cannot represent other individuals. *See Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) ("because *pro se* means to appear for one's self, a person may not appear on another person's behalf"). Thus, a non-attorney parent cannot appear on behalf of his or her child. *See Tindall v. Poultney High Sch. Dist.*, 414 F.3d 281, 284 (2d Cir. 2005) ("It is thus a well-established general rule in this Circuit that a parent not admitted to the bar cannot bring an action *pro se* in federal court on behalf of his or her child."). Furthermore, a non-attorney administrator or executor

of an estate may not proceed *pro se* in litigating an interest specific to the estate where the estate has beneficiaries or creditors other than the representative. *Iannaccone*, 142 F.3d at 559; *Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997). Where the administrator of the estate is also its sole beneficiary, and where the estate has no creditors, the administrator may appear *pro se* on behalf of the estate. *Guest v. Hansen*, 603 F.3d 15, 21 (2d Cir. 2010) ("Because the administrator is the only party affected by the disposition of the suit, he is, in fact, appearing solely on his own behalf. This being so, the dangers that accompany lay lawyering are outweighed by the right to self-representation."). However, in this case, Plaintiff has not alleged that she is the sole beneficiary of her son's estate, nor identified whether the estate has any creditors. Accordingly, she may not proceed *pro se* in this action.

   b. **Timeliness**

In any event, even if Plaintiff could assert claims on her own behalf or on behalf of her son's estate, her claims appear to be time-barred by the relevant statutes of limitations. The statute of limitations for most personal injury actions arising in New York State is three years. *Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002) (citing N.Y. C.P.L.R. § 214(5) (McKinney)). This three-year limitations period also applies to § 1983 actions arising in New York. *Id.*; *see also Owens v. Okure*, 488 U.S. 235, 249-50 (1989) (holding that the most appropriate statute of limitations in a § 1983 action is found in the "general or residual [state] statute [of limitations] for personal injury actions"). The statute of limitations begins to run when the plaintiff is aware of the harm she has suffered, or, in the case of a claim for false imprisonment or false arrest, when the plaintiff is released or the detention first becomes subject to legal process. *Wallace v. Kato*, 549 U.S. 384, 389 (2007). In actions filed in New York, the statute of limitations may be extended "[i]f a person entitled to commence an action is under a disability because of infancy or insanity .

4

. . ," N.Y. C.P.L.R. § 208 (McKinney), or under exceptional circumstances, such as "when the plaintiff was induced by fraud, misrepresentations or deception to refrain from filing a timely action," *Doe v. Holy See (State of Vatican City),* 793 N.Y.S.2d 565, 568 (App. Div. 3d Dep't 2005) (internal quotation marks and citations omitted).

Plaintiff describes events relating to her son's arrests, imprisonment and criminal prosecution occurring between 2002 and 2004. Accordingly, any claims arising from these events are time-barred by the three-year statute of limitations.

### c. Standard of Review Under 28 U.S.C. § 1915(e)(2)(B)

Even if Plaintiff had standing to bring claims related to the alleged injury to her son and could assert grounds for equitable tolling of the statute of limitations, her claims are subject to review under 28 U.S.C. § 1915(e)(2)(B). Pursuant to the *in forma pauperis* statute, a district court must dismiss a case if the court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). *Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys, and the Court is required to read a plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). The Court must grant leave to amend the complaint if a liberal reading of the complaint "gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). However, the complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

### i. Immunity

Two of the Defendants named in this action are immune from suits for damages. The federal government, its agencies, and government officials acting in their official capacity are shielded from suit by the doctrine of sovereign immunity. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994); *Dotson v. Griesa*, 398 F.3d 156, 177 (2d Cir. 2005) ("The shield of sovereign immunity protects not only the United States but also its agencies and officers when the latter act in their official capacities."). Sovereign immunity may be waived only if the government consents to suit. *Presidential Gardens Assocs. v. United States,* 175 F.3d 132, 139 (2d Cir. 1999) ("The sovereign immunity of the United States may only be waived by federal statute."). The doctrine of sovereign immunity is jurisdictional in nature, . . . and therefore to prevail, the plaintiff bears the burden of establishing that [his] claims fall within an applicable waiver." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). Here, Plaintiff names a federal agency, the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), and a federal government official, Colleen Kavanagh, as Defendants, but has not alleged any waiver of sovereign immunity.

Moreover, Ms. Kavanagh, in her capacity as an Assistant United States Attorney, is entitled to prosecutorial immunity with respect to the claims in this action. Prosecutors have absolute immunity from suits challenging actions they take within the scope of their duties. *See Hartman v. Moore*, 547 U.S. 250, 261-62 (2006) (noting that absolute prosecutorial immunity protects federal prosecutors facing *Bivens* actions); *Barrett v. United States*, 798 F.2d 565, 571-72 (2d Cir. 1986) ("The absolute immunity accorded to government prosecutors encompasses not only their conduct of trials but all of their activities that can fairly be characterized as closely associated with the conduct of litigation or potential litigation."). The only allegations against Ms. Kavanagh are that she was responsible for Tyree's arrest and imprisonment, presumably through her role as a

prosecutor. Plaintiff does not allege that Ms. Kavanagh acted outside of her prosecutorial function. Accordingly, Ms. Kavanagh is immune from suits challenging acts she undertook in her official capacity as a prosecutor.

As both of the named federal Defendants—the ATF and Ms. Kavanaugh—are immune from suit, any claims for damages against them must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

### ii. Liability of City Agencies Under Section 1983

Plaintiff also names as Defendants the "120th Precinct (NYPD)" and NYPD Crimestoppers. Both of these Defendants are subdivisions of the New York City Police Department, which is an agency of the City of New York. The New York City Charter provides that suits "shall be brought in the name of the City of New York and not in that of any agency." N.Y. City Charter ch. 17, § 396; *see also Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007) ("The district court correctly noted that the NYPD is a non-suable agency of the City."). Because Plaintiff may not sue these agencies, her claims against the 120th Precinct and NYPD Crimestoppers must be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

While Plaintiff could substitute the City of New York as a defendant, such a substitution would be futile. A municipality is only liable under § 1983 if a plaintiff can show that a municipal policy or custom caused the deprivation of his or her constitutional rights. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978); *Cash v. Cnty. of Erie*, 654 F.3d 324, 333 (2d Cir. 2011), *cert. denied*, 565 U.S. 1259 (2012) ("[T]o establish municipal liability under § 1983, a plaintiff must prove that action pursuant to official municipal policy caused the alleged constitutional

injury." (citation and internal quotation marks omitted)).[2] Proof of a single incident of unconstitutional activity is not sufficient to impose liability on a municipality unless that proof shows that the incident was caused by an existing, unconstitutional municipal policy that can be attributed to a municipal policymaker. *Mitchell v. City of New York*, 841 F.3d 72, 80 (2d Cir. 2016) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823 (1985)). Here, Plaintiff has not alleged any unconstitutional policy or custom that would confer municipal liability. Thus, naming the City of New York as a defendant would be futile.

### iii. Expungement

Finally, Plaintiff seeks to have unidentified court records expunged, but she presents no grounds for such relief. She has not alleged that any of her son's convictions were overturned or otherwise invalidated. While federal courts may retain limited jurisdiction over certain post-judgment motions in criminal cases, Plaintiff has not cited any provision of the United States Criminal Code that would permit this Court to reopen a criminal case where the judgment and sentence have long since expired. *See Doe v. United States*, 833 F.3d 192, 196 (2d Cir. 2016) (holding that Rule 35(b) and other Rules of Criminal Procedure provide for limited jurisdiction over specified types of post-judgment motions, but do not give district courts broad jurisdiction "over any type of motion years after a criminal case has concluded." (emphasis in original)).

---

[2] *See also Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994) (plaintiff bringing § 1983 action must allege that "conduct complained of [was] committed by a person acting under color of state law," and "deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States."); *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006) (§ 1983 action must establish that the named defendants were personally involved in the wrongdoing or misconduct complained of).

### III. Conclusion

Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted solely for purposes of this Order. The Complaint is dismissed with prejudice. Plaintiff has failed to allege that she has standing to bring the claims she asserts, and the claims appear to be untimely. The Court has considered whether to allow Plaintiff to amend her Complaint in order to assert standing and grounds for equitable tolling. However, the claims must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) in any case, so amendment would be futile. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court shall enter judgment and close this case.

SO ORDERED.

/s/ Pamela K. Chen
PAMELA K. CHEN
United States District Judge

Dated: Brooklyn, New York
August 25, 2017